UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONNIE DRUMM,

                                          Plaintiff,

                                                                                    <u>DECISION AND ORDER</u>

                                                                                   10-CV-6427L

                        v.

SUNY GENESEO COLLEGE,

                                          Defendant.
_____

       Plaintiff brings this action against her former employer, defendant SUNY College at Geneseo ("SUNY Geneseo"), alleging retaliation in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYHRL"). In lieu of an answer, SUNY Geneseo has moved to dismiss both causes of action pursuant to Fed. R. Civ. Proc. (b)(1) and (6). (Dkt. #3).

       Plaintiff does not oppose the motion to dismiss her cause of action for retaliation in violation of the NYHRL. That claim is accordingly dismissed.

       With respect to plaintiff's claim that she was subjected to unlawful retaliation in violation of Title VII, plaintiff has cross moved to amend her complaint. (Dkt. #6).

       At the outset, I concur with SUNY Geneseo that plaintiff's initial complaint fails to state a claim for retaliation under Title VII.

> To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action.

*Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007).

Here, plaintiff generally alleges that after making a number of complaints about employment-related issues, disciplinary charges were brought against her by SUNY Geneseo on June 1, 2009 for her failure to report to work, after which plaintiff filed three administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in June and July 2009. On November 13, 2009, her employment was terminated by SUNY Geneseo on the grounds of excessive absence.

Plaintiff identifies her "protected activity" as a series of informal complaints, wherein she "informed her employer of her Director's conduct" (Dkt. #6-1 at Exh. A, ¶53). The proposed amended complaint does not allege when plaintiff complained, or to whom, or specify the subject matter of her complaints. Most significantly, she makes no allegation or suggestion whatsoever that she ever complained to SUNY Geneseo that she had been subjected to unlawful discrimination, or provided SUNY Geneseo with facts by which that conclusion could have been reasonably drawn. To the contrary, the only complaint plaintiff alleges she made to SUNY Geneseo concerned her preference for a different shift, which she communicated to the Human Resources Department. Plaintiff also refers vaguely to having made "informal complaints to management." (Dkt. #6-1 at Exh. A, ¶24). While these complaints are not described in any detail, I note that even if plaintiff's "complaints" included every single one of her allegations against the Director that are listed elsewhere in the proposed amended complaint -- to wit, belittling comments by the Director accusing plaintiff of being "depressed," "a nothing" and "a disappointment" -- the conduct of which plaintiff may have complained does not implicate plaintiff's gender, and would not have otherwise reasonably led her employer to believe that she was complaining about unlawful discrimination. *See Foster v. Humane Society of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 394-395 (W.D.N.Y. 2010) (in order to allege that complaints to management comprised protected activity, a plaintiff must allege that she complained about acts of discrimination, and not other issues or work-related problems outside the scope of anti-discrimination statutes). In any event, plaintiff has not attempted

to allege that any particular adverse employment action arose from, or was causally connected with, the "informal complaints" to which she ambiguously refers.

Plaintiff identifies her protected activity solely as her complaints concerning her Director, and is apparently not contending that she was subjected to retaliation on the basis of her administrative charges. To the extent that plaintiff's complaint does suggest such a claim, and even assuming *arguendo* that a time lapse of three months between the protected activity and adverse employment action is sufficiently temporally proximate to suggest a causal connection,[1] the claim would be insufficiently stated. The complaint is entirely bare of any factual allegation that SUNY Geneseo was aware of plaintiff's EEOC charges, prior to the time that the adverse employment action (the termination of plaintiff's employment) took place.

Plaintiff's cross motion to amend the complaint does not seek to correct any of the complaint's deficiencies, in order to state a plausible claim for retaliation. By her own admission, "[p]laintiff does not attempt "to add any new factual allegations or claims . . . but rather simply . . . to correct paragraphs 25, 26, 28, 35 and 38 of her complaint to briefly enumerate the charges contained in Plaintiff's EEOC Charges." (Dkt. #6-2 at 4). A careful review of the plaintiff's proposed amended complaint (Dkt. #6-1, Exh. A), confirms that it suffers from the same fatal flaws as the initial complaint -- complete failure to allege that SUNY Geneseo was ever aware of plaintiff's protected activity in the form of EEOC charges, and complete failure to allege that plaintiff engaged in some other protected activity, or that it resulted in an adverse employment action that was causally connected. Because amendment of the complaint would be futile in such circumstances, leave to

---

[1] As the district court for the Southern District of New York recently observed:

> Although the Second Circuit 'has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship,' *Gorman-Bakos v. Cornell Co-op Extension of Schenectady*, 252 F.3d 545, 554 (2d Cir. 2001), many courts in this circuit have held that periods of two months or more defeat an inference of causation.

*Ragin v. E. Ramapo Cent. Sch. Dist.*, 2010 U.S. Dist. LEXIS at *73-*74 (S.D.N.Y. 2010) (collecting cases).

amend is denied. *See generally* Fed. R. Civ. Proc. 15(a); *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006) (leave to amend is appropriately denied where amendment would be futile).

CONCLUSION

Plaintiff's cross motion to amend the complaint (Dkt. #6) is denied, SUNY Geneseo's motion to dismiss the complaint (Dkt. #3) is granted, and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        May 17, 2011.